IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 3:16-cr-108–HEH |
| | ) | |
| LAMAR GAYLE, | ) | |
| | ) | |
| Petitioner. | ) | |

## MEMORANDUM OPINION
(Denying 28 U.S.C. § 2255 Motion)

Lamar Gayle ("Gayle"), a federal inmate proceeding *pro se*, submitted this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his federal conviction and sentence. ("§ 2255 Motion," ECF No. 78.)[1] The Government has filed a Motion to Dismiss, arguing that Gayle's § 2255 Motion is barred by the statute of limitations. (ECF No. 77.) Gayle has filed a response. (ECF No. 79.) For the reasons set forth below, the Motion to Dismiss will be granted and the § 2255 Motion will be denied.

---

[1] The Court employs the pagination assigned to the parties' submissions by the CM/ECF docketing system. The Court corrects the spelling and capitalization in quotations from Lamar's submission.

The Court received Gayle's initial § 2255 motion on April 28, 2022. (ECF No. 75.) On May 10, 2022, the United States filed a Motion to Dismiss, arguing that the § 2255 motion was untimely. (ECF No. 77.) On July 25, 2022, Gayle filed a second motion pursuant to 28 U.S.C. § 2255. (ECF No. 78.) By Memorandum Order entered on October 21, 2022, the Court explained that Gayle may not litigate two separate § 2255 motions and the Court would review only one of these submissions. (ECF No. 80.) The Court assumed that Gayle intended to have the second § 2255 motion replace the initial § 2255 motion and explained that the Court would not consider the initial § 2255 motion. (*Id.*) The Court provided Gayle with an opportunity to notify the Court if he preferred for the Court to review the initial § 2255 motion instead. (*Id.*) More than twenty (20) days have elapsed and although Gayle filed an "affidavit," he failed to clearly indicate that he wished the Court to review his initial § 2255 motion instead of the second § 2255 motion. Accordingly, the Court will review only the second § 2255 motion.

## I. PROCEDURAL HISTORY

On September 20, 2016, a grand jury charged Gayle with one count of conspiracy to possess with intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine (Count One), and possession with intent to distribute a mixture and substance containing a detectable amount of cocaine (Count Two). On January 18, 2017, Gayle pled guilty to Count One. (ECF No. 21 at 1.) On April 21, 2017, the Court entered judgment and sentenced Gayle to 120 months of imprisonment. (ECF No. 32 at 2.) Gayle did not appeal.

On April 24, 2022, Gayle filed his initial § 2255 motion.[2] In the present § 2255 Motion (ECF No. 78), Gayle raises the following claims for relief:

> Claim One: "The U.S. Government perpetuated a fraud upon Petitioner and the Court to obtain the judgment and commitment order for Petitioner: void judgment." (*Id.* at 4.)
>
> Claim Two: "Contrary to the provision of the Sixth Amendment of the U.S. Constitution, Petitioner was not provided effective assistance of counsel." (*Id.* at 10.)
>
> Claim Three: "The U.S. District Court failed to properly acquire jurisdiction over Petitioner and the subject matter." (*Id.* at 16.)

As discussed below, Gayle's § 2255 Motion is barred by the applicable statute of limitations.

---

[2] This is the day that Gayle placed the initial § 2255 motion in the prison mail system for mailing to this Court. (*See* ECF No. 75 at 18.) The Court deems the § 2255 Motion filed as of that date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

2

## II. ANALYSIS

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 to establish a one-year period of limitation for the filing of a § 2255 Motion. Specifically, 28 U.S.C. § 2255(f) now reads:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

### A.   28 U.S.C. § 2255(f)(1)

Because Gayle did not appeal, under 28 U.S.C. § 2255(f)(1), his conviction became final on Friday, May 5, 2017, the last date to note an appeal. *See United States v. Clayton*, No. 3:07cr488, 2010 WL 4735762, at *3 (E.D. Va. Nov. 15, 2010) (citing *Arnette v. United States*, Nos. 4:01CR16, 4:04CV122, 2005 WL 1026711, at *4 (E.D. Va. May 2, 2005)). Hence, Gayle had until Monday, May 7, 2018, to file a motion under 28 U.S.C. § 2255. Because Gayle did not file his initial § 2255 motion until April 24, 2022, it is untimely pursuant to 28 U.S.C. § 2255(f)(1).

3

### B. Belated Commencement

Gayle vaguely suggests that his motion "is pursuant to the fraud exception and 2255(f)(4) [sic]. The facts were recently discovered only because the Government's fraud was . . . carefully planned and executed." (ECF No. 78 at 22.) In his initial § 2255 motion, Gayle merely states that he "discovered the facts supporting the claims presented after an exhaustive review of the record received from the Clerk of the Court in August 2021." (ECF No. 75 at 17.)[3] Gayle does not address the timeliness of his § 2255 Motion in his response or affidavit which only appear to address the merits of his claims. (*See* ECF Nos. 79, 81.)

Whether a petitioner has exercised due diligence to warrant a belated commencement of the limitation period pursuant to 28 U.S.C. § 2255(f)(4) is a fact-specific inquiry unique to each case. *See Wims v. United States*, 225 F.3d 186, 190–91 (2d Cir. 2000). A petitioner bears the burden to prove that he or she exercised due diligence. *DiCenzi v. Rose*, 452 F.3d 465, 471 (6th Cir. 2006). Due diligence "at least require[s] that a prisoner make *reasonable* efforts to discover the facts supporting his claims." *Anjulo-Lopez v. United States*, 541 F.3d 814, 818 (8th Cir. 2008) (citing *Aron v. United States*, 291 F.3d 708, 712 (11th Cir. 2002)). A habeas applicant who "merely alleges that [he or she] did not actually know the facts underlying his or her claim does not" thereby demonstrate due diligence. *In re Boshears*, 110 F.3d 1538, 1540 (11th Cir. 1997). Rather, to obtain a belated commencement of the limitation period, the applicant

---

[3] Although the Court explained that it would not consider the initial § 2255 motion, the Court generously reviewed Gayle's arguments for timeliness contained in that submission.

must explain why a reasonable investigation would not have unearthed the facts prior to the date on which his conviction became final. *See id.* at 1540–41 (rejecting petitioner's assertion that he could not have discovered his new *Brady* claim prior to filing his first § 2254 petition). Moreover, in evaluating a petitioner's diligence, the Court must be mindful that the "statute's clear policy calls for promptness." *Johnson v. United States*, 544 U.S. 295, 311 (2005).

    Gayle's argument for a belated commencement is unavailing because he fails to demonstrate that he made reasonable efforts to discover the facts he now relies upon to support his claims. Essentially, Gayle contends that he did not learn the facts underlying his claims until he requested and received a copy of the docket in August of 2021. (*See* ECF No. 75 at 17.) However, all of Gayle's claims are based on alleged fraud and alleged deficiencies in jurisdiction that occurred prior to his conviction becoming final in May of 2017. Gayle does not explain why he was unable to obtain the docket or any of the filings in his criminal case prior to August of 2021. *See United States v. Holguin*, Nos. 5:04CR00025-004, 5:09CV80130, 2009 WL 728555, at *3 (W.D. Va. Mar. 19, 2009) (concluding that movant was not entitled to belated commencement under § 2255(f)(4) because he did not write to counsel requesting documents until more than three years after sentencing, and noting that movant "could have obtained a copy of the Magistrate Judge's Report from the court, had he taken the logical, additional steps that a reasonably diligent person would take if concerned about whether or not an appeal had been filed on his behalf"). As Gayle appears to have done nothing to discover the facts underlying his claims between May of 2017 and August of 2021, his "inaction is

5

incompatible with a finding of due diligence." *Wood v. Spencer*, 487 F.3d 1, 5 (1st Cir. 2007) (citations omitted).

In sum, Gayle has failed to demonstrate any basis for excusing his failure to comply with the statute of limitations.[4]

### III. CONCLUSION

For the foregoing reasons, the Motion to Dismiss (ECF No. 77) will be granted. Gayle's § 2255 Motion (ECF No. 78) will be denied. The Clerk will be directed to terminate the initial § 2255 motion. (ECF No. 75.) The action will be dismissed. A certificate of appealability will be denied.

An appropriate Final Order shall issue.

                                               /s/
                             Henry E. Hudson

Date: Feb 13, 2023      Senior United States District Judge
Richmond, Virginia

---

[4] Neither Gayle nor the record suggest a basis for a belated commencement of the limitation period under 28 U.S.C. § 2255(f)(2) & (3), or for equitable tolling.