IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA | ) | | |
| | ) | Criminal No. | 3:16-cr-108–HEH |
| v. | ) | Civil Action No. | _____ |
| | ) | | |
| LAMAR GAYLE, | ) | | |
| | ) | | |
| Petitioner. | ) | | |

**MEMORANDUM OPINION**
**(Dismissing Successive § 2255 Motion)**

By Memorandum Opinion and Order entered on February 13, 2023, the Court denied Petitioner's 28 U.S.C. § 2255 motion ("§ 2255 Motion") as untimely. *United States v. Gayle*, No 3:16-cr-108–HEH, 2023 WL 1967944, at *3 (E.D. Va. Feb. 13, 2023). On April 18, 2023, Petitioner filed a "Motion for Leave to File an Amended Section 2255 Petition," with a new § 2255 motion attached. (ECF Nos. 84, 84-1.) Petitioner indicates that he filed the new § 2255 motion because he has a "meritorious claim for a belated commencement of the limitation period," and "further presents a[n] Article III subject-matter jurisdictional issue." (ECF No. 84 at 1 (capitalization corrected).) However, Petitioner does not identify any error in the Court's prior decision. Rather, he continues to attack his underlying conviction.[1]

---

[1] Under the "TIMELINESS OF MOTION" section, Petitioner provides more arguments about his conviction being fraudulent. (ECF No. 84-1 at 23.) For example, Petitioner contends that around April 2022 he learned that his conviction was "feigned and unconstitutional and the Judgment is an absolute nullity." (*Id.* (capitalization corrected).) Had Petitioner identified an error in the Court's February 13, 2023 Memorandum Opinion and Order, the new filings may have been construed as a motion pursuant to Federal Rule of Civil Procedure 60(b). Instead, Petitioner simply continues to attack his underlying conviction.

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "'gatekeeping' mechanism." *Felker v. Turpin*, 518 U.S. 651, 657 (1996). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Because the United States Court of Appeals for the Fourth Circuit has not authorized this Court to entertain Petitioner's new § 2255 motion, it is successive and unauthorized. The Motion for Leave to File an Amended Section 2255 Petition (ECF No. 84) will be denied. The new § 2255 motion (ECF No. 84-1) will be DISMISSED for want of jurisdiction.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Petitioner

has not satisfied this standard. Accordingly, a certificate of appealability will be denied.

An appropriate Order will follow.

/s/

Henry E. Hudson
United States District Judge

Date: June 15, 2023
Richmond, Virginia

3